**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 10-cv-03091-CMA-KLM

CYNTHIA DUDLEY-BARTON,
RICHARD ICE,
RICHARD MASON,
DEANA MURPHY, and
SUSAN SCHMITZ,
on behalf of themselves and all other employees similarly situated,

     Plaintiffs,

v.

SERVICE CORPORATION INTERNATIONAL,
SCI FUNERAL AND CEMETERY,
PURCHASING COOPERATIVE, INC., and
SCI WESTERN MARKET SUPPORT CENTER, L.P.
     a/k/a SCI WESTERN MARKET SUPPORT CENTER, INC.,

     Defendants.

**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND TO STATE COURT**

This matter is before the Court on Plaintiffs' Motion to Remand to State Court (Doc. # 11). In this class action, Plaintiffs assert that Service Corporation International, *et al.* (collectively "Defendants") have failed to establish the jurisdictional $5,000,000 amount-in-controversy requirement under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). For the following reasons, Plaintiffs' Motion is granted.

## I. BACKGROUND

This is a class action lawsuit. (Doc. # 1-1, ¶ 1.) Plaintiffs seek to recover unpaid wages allegedly resulting from the Defendants' employment policies and practices. (Doc. # 1-1, ¶¶ 144-174.) Defendants are large funeral home operators that employ or have previously employed Plaintiffs. (Doc. # 1-1, ¶¶ 26-7.)

Plaintiffs initially filed a federal class action against Defendants and Alderwoods Group, Inc. (Defendants' subsidiary), raising claims under both the federal Fair Labor Standard Act ("FLSA") and various state laws. *Prise v. Alderwoods Grp., Inc.*, No. 06-cv-1641, Doc. # 1 (W.D. Pa. Dec. 8, 2006) (complaint). The court in *Prise* declined to exercise supplemental jurisdiction over the state law claims and later determined that it would hear only Plaintiffs' claims against Alderwoods. (Doc. # 1-1, ¶¶ 9-10.) Plaintiffs subsequently filed their state law claims in California State court, *Bryant v. Service Corp. Int'l*, No. RG07359593, and their FLSA claims in the Arizona United States District Court, *Stickle v. SCIWestern Mkt. Support Ctr., L.P.*, No. 08-cv-00083, 2009 WL 3241790 (D. Ariz. Jan. 15, 2008).

Defendants removed the state law class action in California to the United States District Court for the Northern District of California. *Bryant v. Serv. Corp. Int'l*, No. 08-cv-1190, Doc. # 1 (Feb. 28, 2008) (notice of removal). The court in *Bryant* subsequently dismissed all state law claims other than those arising under California state law. *Id.*, Doc. # 317 (July 22, 2010) (order dismissing without prejudice claims for which plaintiffs had not moved for class certification).

Plaintiffs refiled their remaining state law claims in eighteen separate states (Doc. # 1, ¶ 20), including the instant action, which was filed in Colorado State court on October 5, 2010 . Defendants filed a Joint Notice of Removal on December 20, 2010. Plaintiffs filed a Motion to Remand on November 17, 2010. Defendants responded on February 10, 2011; and Plaintiffs replied on February 24, 2011.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1441(a), an action may be removed to federal district court when the district court would have had original jurisdiction. CAFA provides the district courts with original jurisdiction over any civil class action in which: (1) minimal diversity exists; (2) the proposed class numbers at least 100 members; and (3) the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(2), (d)(5)(B), (d)(6).

The party seeking removal has the burden of proving the amount in controversy by a preponderance of the evidence. *See McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008). The Tenth Circuit has recognized that "in most removal cases, there is little 'evidence' one way or another." *McPhail*, 529 F.3d at 953. "[W]hat the proponent of jurisdiction must 'prove' is contested factual assertions . . . [j]urisdiction itself is a legal conclusion, a *consequence* of facts rather than a provable 'fact.'" *Id.* at 954 (emphasis in original); *accord Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006). Thus,

"the defendant must affirmatively establish jurisdiction by proving jurisdictional *facts* that [make] it *possible* that [the amount in controversy is] in play." *McPhail*, 529 F.3d at 955 (emphasis in original).

## III.  ANALYSIS

The issue in this case is whether the amount in controversy exceeds $5,000,000. A defendant seeking removal may establish an amount in controversy by compiling calculations from the complaint's allegations, relying on the plaintiff's settlement demands, or bringing forward other "summary-judgment-type evidence," such as affidavits, contentions, interrogatories or admissions.  See *McPhail*, 529 F.3d at 954-56; *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  This list is not exclusive, and proponents of federal jurisdiction may establish an amount in controversy by other means.  *McPhail*, 529 F.3d at 954.

Defendants contend that they have met their burden for several reasons.  First, Defendants claim that, based on the number of projected class members and answers to interrogatories in *Stickle*, the amount of controversy exceeds $5,000,000.  Second, Defendants claim that the plaintiffs in the other state law actions have indicated that the amount in controversy in those cases exceeds $5,000,000.

**A.   DEFENDANTS' CALCULATIONS**

Defendants calculated a potential amount in controversy based on two alternative class sizes: 10,000 employees (the number of employees nationwide) and 319 employees (the number of Colorado employees).  In *Stickle,* Plaintiffs' counsel

obtained a list of employees who worked in various states for Defendants. (Doc. # 1, ¶ 25.) This list indicates that 319 employees worked within the State of Colorado for the relevant time period. Using wage data and the number of hours claimed in *Stickle*, Defendants claim that the amount in controversy exceeds $5,000,000. A closer look reveals that Defendants' own calculations indicate otherwise.

At the outset, this Court finds that the potential class consists of approximately 319 plaintiffs.[1] Given a class of 319, each class member would need to have suffered, on average, $15,674 in damages to satisfy the amount-in-controversy requirement. (Doc. # 15 at 11.) In their responses to interrogatories in *Stickle,* the five named plaintiffs in this case stated the number of hours they are claiming as unpaid in that action. (*Id.* at 12.) Defendants multiplied these total hours by the federal minimum wage, averaged the amounts, and found that the five named plaintiffs are claiming an average of $19,035 each. (Doc. # 15-8.) Multiplying this figure by 319, the amount in controversy would exceed $6,072,356.

A closer inspection of the *Stickle* interrogatories undermines Defendants' calculations. The hours claimed in *Stickle* were based on eight separate employer policies. (Doc. # 1-5, ¶ 248.) In this action, however, the Complaint details only six

---

[1] Although the Complaint does not expressly limit the class to employees living in Colorado (Doc. # 1-1, ¶¶ 1, 23-26), the history of this controversy shows that Plaintiffs have limited their class to Colorado employees. All named plaintiffs in this action are residents of the State of Colorado or were employed for the relevant period within the State of Colorado. (Doc. # 1-1, ¶¶ 23-24.) Plaintiffs seek the recovery of unpaid wages under Colorado statutory and common law. (Doc. # 1-1, ¶¶ 175-257.) Further, Defendants do not assert that non-resident employees would have any claims under Colorado law.

policies, and only five of these are policies challenged in *Stickle*.[2]  After filtering out the hours claimed under policies that are not at issue here, the average named plaintiff claims only $11,170 in unpaid wages.  When this figure is multiplied by 319, approximately $3,500,000 is in controversy.[3]  (Doc. # 16-1.)  Thus, the Defendants' own evidence demonstrates that the amount in controversy is actually **less**, not greater, than $5,000,000.

Defendants contend that the Court should also examine other figures that contribute to the amount in controversy, including costs associated with Plaintiffs' claims for injunctive relief, attorneys' fees, and punitive damages.  *See Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006) (cost of injunctive relief); *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003) (attorneys' fees); *Byte v. Am. Commerce Ins. Co.*, No. CIV-09-365, 2009 WL 3839419, *1 (E.D. Okla. Nov. 16, 2009) (punitive damages).  However, Defendants offer no evidence or estimates for these figures.  *Cf. Dantinne v. Abbott Labs., Inc.*, No. 09-cv-01377, 2009 WL 2843274, at *2 (D. Colo. Aug. 31, 2009) (denying motion to remand where defendant offered "reasonable, conservative estimate of the possible fees, which

---

[2] Plaintiffs do not challenge the "Training Compensation," "Pre-Needs Appointment," or "Pre-Approval for Overtime Pay" policies here. (Doc. # 1-1, ¶ 26.)  The "Lump-Sum Policy" is challenged here but not in *Stickle*.  (*Id.*; Doc. # 1-5, ¶ 248.) Defendants offer no evidence concerning any hours claimed under that policy.

[3] Plaintiffs also argue that the hours claimed under one of the six challenged policies already include the estimates for hours claimed under two other policies, such that the other two policies have been double counted. (Doc. # 16 at 6.)  If this duplication is controlled for, the average named plaintiff is claiming only $7,603 and approximately $2,425,000 remains in controversy.  (Doc. # 16-1.)

plaintiff [did] not disclaim."). Defendants render only a conclusory statement that, "[w]hen the potential punitive damages and attorneys' fees are included in the calculation of the potential amount-in-controversy, the $5,000,000 jurisdictional threshold is easily satisfied." (Doc. # 15 at 14.) This Court cannot be left to speculate as to potential damages, fees, or costs when no evidence is before it. *See Tafoya v. Am. Familty Mut. Ins. Co.*, No. 08-cv-01656, 2009 WL 211661, at *2 (D. Colo. Jan. 28, 2009).

**B.     AMOUNT IN CONTROVERSY IN OTHER ACTIONS**

Defendants also point to the other pending state law actions in which similarly situated plaintiffs have directly or indirectly assessed the value of their actions at or above $5,000,000. The plaintiffs in the Virginia action specifically asserted federal jurisdiction under CAFA, claiming an amount in controversy of at least $5,000,000.[4] (Doc. # 1-10, ¶¶ 19-20.) The plaintiffs in the Massachusetts action submitted a settlement proposal valuing their suit at $5,000,000.[5] (Doc. # 15-3.) Defendants argue that the Colorado class must meet the amount-in-controversy requirement if the smaller classes in the other pending actions cases satisfy it.[6] (Doc. # 15 at 7-11.)

---

[4]   *Walker v. Service Corp. Int'l*, No. 10-cv-00048, Doc. # 1 (W.D. Va. Oct. 5, 2010) (complaint).

[5]   *Finstein v. Service Corp. Int'l*, No. 10-cv-12118, Doc. # 1 (D. Mass. Dec. 7, 2010) (notice of removal).

[6]   There are 300 plaintiffs in the Virginia class (Doc. # 1-10, ¶¶ 19-20) and 162 plaintiffs in the Massachusetts class (Doc. # 15 at 9), compared to the 319 plaintiffs in this case.

This Court is not convinced. That a smaller class in a similar action is seeking $5,000,000 does not relieve Defendants of their burden to prove the jurisdictional amount is satisfied in **this** action. A larger class size does not necessarily translate to greater potential damages. Defendants only speculate that the potential damages recoverable in this action will be similar to the other actions, and they offer no estimates of the value of the state law claims unique to this case. Regarding the settlement proposal, Defendants offer no evidence that Plaintiffs value their suit as the plaintiffs in the Massachusetts action did. Although settlement proposals are relevant evidence of the amount in controversy, they are not necessarily dispositive evidence. *See, e.g., Corlew v. Denny's Rest., Inc.*, 983 F. Supp. 878, 880 (E.D. Mo. 1997). Further, the settlement demand was made in a different action with different plaintiffs under a different state's laws.

This Court, after considering all of the evidence in its totality, finds that Defendants have not met their burden of establishing, by a preponderance of evidence, that $5,000,000 is in controversy. This court is therefore without jurisdiction under CAFA. Because the Court lacks original jurisdiction, removal was improper and this case must be remanded to state court. *See* 28 U.S.C. § 1441(a).

### IV.  **CONCLUSION**

Accordingly, it is ORDERED that Plaintiff's Motion to Remand to State Court (Doc. # 11) is GRANTED. This case is REMANDED to the District Court, City and

County of Denver, Colorado, for further proceedings.  The parties shall bear their own costs and fees associated with removal.

DATED:  April   05  , 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge